On petition for review submitted November 1, 1995,* petition for review allowed, decision of the Court of Appeals vacated, case remanded to the Court of Appeals for further consideration February 15, 1996

In the Matter of
Christopher Troy Rollins, A Child.

State ex rel
CHILDREN'S SERVICES DIVISION,
*Petitioner on Review,*

*v.*

Tracy Lorraine ROLLINS,
aka Tracy Lorraine Rimmer,
*Respondent on Review.*

(CC 941947; CA A86739; SC S42724)

910 P2d 1107

Pamela G. Wood, Assistant Attorney General, Salem, filed the petition for petitioner on review. With her on the

---

* Appeal from Lincoln County Circuit Court, Robert J. Huckleberry, Judge. 136 Or App 7, 900 P2d 1072 (1995).

petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance *contra*.

GILLETTE, J.

## GILLETTE, J.

The Children's Services Division (CSD) petitions for review of a decision of the Court of Appeals that reversed a trial court judgment terminating parental rights. *State ex rel CSD v. Rollins*, 136 Or App 7, 900 P2d 1072 (1995). For the reasons that follow, we allow the petition, vacate the decision of the Court of Appeals, and remand the case to that court for further consideration.

Mother, who is now in her early thirties, has been more or less continuously involved in illegal use of controlled substances since she was a teenager.[1] This case involves a mother's parental rights in a child born to her while she was incarcerated for a drug-related offense at the Oregon Women's Correctional Center (OWCC). Mother was released from custody some time after the birth of the child, but later was arrested again and sentenced to a period of incarceration for a new drug-related offense. It was after the latter arrest that CSD chose to initiate the present proceeding to terminate parental rights.

CSD alleges that termination of mother's parental rights is justified under the facts of this case by virtue of ORS 419B.504(3) and (5). Those statutory subsections provide:

"The rights of a parent * * * may be terminated as provided in ORS 419B.500 if the court finds that the parent * * * [is] unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent * * * is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"* * * * *

"(3) Addictive or habitual use of intoxicating liquors or controlled substances to the extent that parental ability has been substantially impaired.

"* * * * *

---

[1] We set out here only those facts essential to the limited review of and disposition that we make with respect to this case. An extensive review of the underlying facts appears in the decision of the Court of Appeals. *Rollins,* 136 Or App at 9-11.

"(5) Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be affected."

A trial court agreed with CSD's position and terminated mother's parental rights. On *de novo* review,[2] the Court of Appeals reversed.

The decision of the Court of Appeals centers, in the main part, on that court's disagreement with the trial court on whether the evidence in the case demonstrates that mother's inability to meet the needs of her child (due to her addiction to drugs and to her incarceration) was unlikely to change within the foreseeable future. *Rollins,* 136 Or App at 12. CSD's petition focuses on a legal question raised by that analysis. In the course of its discussion of the way in which it assessed the pertinent facts, the Court of Appeals uttered the following paragraph:

"We also note that mother's interaction with social agencies has not been of such 'extended duration' that it would reasonably appear 'that no lasting adjustment can be effected.' ORS 419B.504(5). In the time surrounding child's birth and infancy, mother had minimal contact with social agencies. She participated in a pregnancy/postpartum group, which included some drug and alcohol education, while she was incarcerated at OWCC in early 1993. Mother testified that the class consisted of 'a bunch of us pregnant women * * * who complained about what was going on in the institution.' After her release in May 1993, mother was referred to the Lincoln County Council on Alcohol and Drug Abuse. Mother did not use that support service and when she was finally prompted to meet with a counselor, the appointment was canceled due to mother's November 1993 arrest. CSD first became involved with mother after the November 1993 arrest, when child was seven months old, and the agency petitioned for termination five months later. *This is not a situation in which available social programs have been exhausted* with no

---

appreciable or lasting effect. *See State ex rel Juv. Dept. v. Charles,* 123 Or App 229, 859 P2d 1162 (1993), *rev den* 318 Or 326 (1994) *(parental rights terminated after three years of intensive CSD assistance with no improvement)."*

*Id.* at 13 (emphasis added).

CSD argues in its petition for review, and we agree, that the emphasized portion of the text of the Court of Appeals' opinion, read together with the parenthetical explanation of the case cited by that court, is likely to create interpretational problems in the trial courts. It does appear that the portion could be read as standing for one or more of the following propositions: (1) If the moving agency has been involved with the parent and child for only a short period, parental rights may not be terminated. (2) If all available social programs have not been exhausted, whatever their likely effect, parental rights may not be terminated. (3) If the moving agency cannot justify its position based entirely on events that have occurred since the agency became involved with the parent and child, parental rights may not be terminated.

We cannot be absolutely sure that the Court of Appeals intended to propound any of, much less all, the foregoing propositions, in connection with its application of ORS 419B.504(3) and (5) to the case before it. But we think it important to emphasize that *none* of those propositions is a correct statement of law. The duration of an agency's involvement with parent and child, the history of the parent, and the likely success of available social programs — whether offered or not — all are relevant to individual cases, but no rules such as those suggested by the Court of Appeals may be stated concerning them. If the Court of Appeals relied for its disposition in this case on any of the foregoing propositions, it erred. Because we cannot tell whether it did or not, we believe that the appropriate course is to remand the case to that court for further consideration.

The petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for further consideration.